■ FMC CORPORATION, Appellant-Respondent, v FLEET BANK, Respondent-Appellant. [641 NYS2d 25] —Order, Supreme Court, New York County (Walter Schackman, J.), entered June 28, 1994, which granted defendant's motion to dismiss the complaint for failure to state a cause of action insofar as the motion was addressed to the causes of action for negligent misrepresentation and unjust enrichment, and denied the motion insofar as addressed to the causes of action for fraud, unanimously modified, on the law, to dismiss the first and third causes of action, which allege fraud, and, except as thus modified, affirmed, without costs or disbursements.

The first cause of action pleads fraud arising out of statements made in early 1992, allegedly by a bank officer of defendant about the financial ability of its customer, PCO, a nonparty, to pay a balance owed to plaintiff from a line of credit extended by defendant, that induced plaintiff to sell goods to PCO on credit. The bank officer's phrasing that it "felt" that the line of credit would be adequate to cover PCO's debt to plaintiff constituted, at most, nonactionable opinion, a prediction as to future performance and not a statement of existing fact (see, Belgo Asian Diamond Co. v European Am. Bank, 168 AD2d 345). Equally deficient are the allegations of fraud pleaded in the third cause of action arising out of the statements made by the same bank officer on April 15, 1992 that PCO's account was "satisfactory", that defendant was "comfortable" with it, and that defendant bank "regarded its credit relationship with PCO as long term." Nor are there any factual allegations to support the theory that these opinions were not honestly held at the time they were expressed. If plaintiff relied on these statements, the reliance was not justified. According to plaintiff, its agreement with PCO called for defendant to provide "full financial information" as to PCO. Defendant, of course, never provided anything even remotely similar to full financial information. All it received, according to its allegations, were the bank officer's vague expressions of his "comfort" with PCO and "regard" for defendant's relationship with PCO. The bank officer did not provide any of the material financial information, such as its bank balance, size of its inventory and volume of accounts receivable, necessary for an informed business decision. Plaintiff could not have justifiably relied on these two telephone conversations with a bank officer in deciding to sell to PCO on credit.

With respect to the claims based on negligent misrepresentation, plaintiff attempts to plead a special relationship in support thereof with allegations that are entirely conclusory. What is shown is a relationship between the parties that was, at most, transient and noncontractual. These causes of action were properly dismissed (*see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382). Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Nardelli, JJ.